IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FIDEL MERAZ, by Rosa Guzman, his sister and next friend** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Case No.   06-457-DRH-PMF |
| vs. ) | |
| ) | |
| **JOHN EVANS, et al.**, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

**FRAZIER, Magistrate Judge:**

    Before the Court is an agreed motion for a protective order.  This motion (Doc. No. 16) is GRANTED as modified below.

1.     Documents maintained by and in the custody of the Illinois Department of Corrections (IDOC) relating to IDOC inmate Fidel Meraz, IDOC register number N-94674, produced to petitioner's counsel in this cause of action may be designated "Confidential Materials."

2.     Confidential Materials shall be disclosed or made available <u>only</u> to the following persons:  (a) counsel of record or other licensed attorneys participating in the litigation and their clients; (b) personnel who are specifically assisting in this litigation; and (c) outside consultants or experts specifically retained by counsel to perform investigative work, advise counsel or otherwise assist in this litigation.

3.     Persons designated in paragraph 2 shall not use, disclose or disseminate any Confidential Material other than for purposes <u>directly</u> related to this litigation and <u>shall not</u> disclose or disseminate Confidential Material to <u>any</u> others, without prior written permission of the Illinois Department of Corrections or by Order of the Court.  Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the Court for purposes of enforcement or a violation of this Order.  Such persons shall be subject to such relief as is deemed appropriate by the Court, including sanctions.

4. A person designated in 2(b) or (c) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the court's jurisdiction.  Copies of all such agreements shall be made available to the Department's counsel upon request.

5. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

6. All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order.  Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely.  Any documents prepared by counsel or their personnel referring to or quoting from Confidential Material shall also be treated as Confidential and maintained securely.

7. Maintenance of the Confidential status of any such Confidential Material shall be subject to further order of this court and nothing herein shall preclude any party from applying to the court for modification of this Order.  The parties reserve the right to make application to the Court upon not less than five days' notice to seek permission to modify the provisions of this Order.  Counsel shall first seek to resolve by agreement, and without involvement of the Court, any disputes regarding confidential designations.

8. ~~After the termination of this litigation, including all appeals, the portion of the Court's record containing a copy of the Confidential Material shall be ordered sealed so as to prevent dissemination to the public.~~

**IT IS SO ORDERED.**

DATED:   November 21, 2006  .

                                        *s/Philip M. Frazier*
                                        **PHILIP M. FRAZIER**
                                        **UNITED STATES MAGISTRATE JUDGE**