IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FIDEL MERAZ, by Rosa Guzman, his sister and next friend** ) ) ) **Plaintiff,** ) ) vs. ) ) **JOHN EVANS, et al.**, ) ) **Defendants.** ) ) | **Civil Case No.   06-457-DRH-PMF** |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to dismiss (Doc. No. 11).  Plaintiff Fidel Meraz appears in this action through Rosa Guzman, his sister and next friend.  Ms Guzman filed this § 1983 action challenging the conditions of Fidel Meraz' confinement at Pinckneyville Correctional Center.  She asserts claims against defendant Evans (misidentified as Warden Flagg) and the Illinois Department of Corrections, including claims of excessive force, failure to protect from assault, deliberate indifference to medical needs and related state law claims.  The defendants challenge the sufficiency of the pleading, specifically targeting allegations of personal involvement.  They also assert sovereign immunity as a bar to state law claims and suggest that the Complaint should be stricken on the basis that it is unsigned.  The motion is opposed (Doc. No. 12).

Pursuant to Rule 12(b)(6), this Court will assume the truth of the material facts alleged and construe all inferences in plaintiff's favor.  Dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir.1997).

## I.      § 1983 Claims - Personal Involvement

In Count I, plaintiff alleges that, at some point prior to April 2, 2005, unknown correctional officers under the command of defendant Evans used unjustified and excessive force against Fidel Meraz while he was confined in the segregation unit at Pinckneyville Correctional Center. Alternatively, in Count II, she alleges that unknown correctional officers under the command of defendant Evans failed to protect Fidel Meraz from a physical assault by an unknown hostile inmate. In Count III, plaintiff alleges that unknown correctional officers under the command of defendant Evans failed to provide medical attention for Fidel Meraz' serious headaches.

In order to assert a claim under § 1983, plaintiff must show a deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006). There is no liability on a theory of respondeat superior. Rather, each defendant must have caused the alleged deprivation of constitutional rights. *Smith v. City of Chicago*, 913 F.2d 469, 472 (7th Cir. 1990).

Facts showing that unknown correctional officers were acting "under the command" of or were receiving directions from defendant Evans could not support an award of damages against defendant Evans. Prison wardens are not vicariously liable for the acts of their subordinates. Absent allegations suggesting that plaintiff can show that defendant Evans was directly and personally involved in the alleged beating, the alleged failure to prevent a physical assault by a hostile inmate, or the alleged failure to treat symptoms of severe headaches, liability could not result. In other words, liability must be based on facts suggesting that defendant Evans knew about the alleged constitutional deprivations or that those particular deprivations occurred at his direction or with his knowledge and consent. *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir.1994).

With respect to the Illinois Department of Corrections, the Complaint is also deficient, as this

- 3 -

defendant is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## II.     Sovereign Immunity

The defendants challenge plaintiff's state law claims as barred by the doctrine of sovereign immunity. In particular, the defendants maintain that the Illinois Court of Claims has exclusive jurisdiction over these claims. Plaintiff argues that these claims should remain in federal court due to considerations of expediency, efficiency, and fairness.

Tort claims that arise out of a state employee's breach of a duty that is imposed solely by virtue of state employment is barred in any court other than the Illinois Court of Claims. *Currie v. Lao*, 148 Ill.2d 151 (1992); *Turner v. Miller*, 301 F.3d 599 (7th Cir. 2002). Here, the relationship between Fidel Meraz and the defendants existed solely because of his status as a prison inmate. Accordingly, plaintiff's state law claims must be litigated before the Illinois Court of Claims.

## III.    Unsigned Pleading

Defendants also argue that the Complaint should be dismissed as unsigned. Because the Complaint on file is signed, this argument lacks merit.

## IV.    Conclusion

IT IS RECOMMENDED that defendants' motion to dismiss (Doc. No. 11) be GRANTED. Because plaintiff may be able to amend in order to state a claim for relief against the proper party, the Complaint (Doc. No. 1) should be dismissed with leave to amend within 14 days.

SUBMITTED:   February 26, 2007  .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
